**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4371**

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

          versus

TERRANCE BERNARD STOKELY, a/k/a Boolash,

                                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:00-cr-00073-F)

Submitted:  October 24, 2007       Decided:  November 14, 2007

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Banumathi Rangarajan, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Bernard Stokely was sentenced to twenty-four months of imprisonment following his guilty plea to violating his supervised release. On appeal Stokely argues that his sentence, in excess of his advisory sentencing range, was erroneous. For the reasons that follow, we affirm.

We do not find that Stokely's sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006) (providing review standard), cert. denied, 127 S. Ct. 1813 (2007). Although the district court failed to specifically mention by name the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) factors applicable to supervised release, see 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2007), the court gave reasons for the sentence which mirrored certain § 3553(a) factors, and sufficiently explained why Stokely was given a sentence outside his advisory sentencing range. See Rita v. United States, 127 S. Ct. 2456, 2469 (2007) (noting that "[w]here a [sentencing] matter is . . . conceptually simple" and the record makes clear that the sentencing judge considered the evidence and arguments, "we do not believe the law requires the judge to write more extensively"); United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (stating sentencing courts need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record") (internal quotation and citations omitted).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>